**ESTATE OF Billy COLLINS, Jr., Billy Joe Collins, Administrator, Plaintiff,**

v.

**Stephen WILBURN, et al., Defendants.**

**Civil Action No. 16–68–HRW**

United States District Court,
E.D. Kentucky,
Northern Division.
Ashland.

Filed 05/25/2017

Signed 05/24/2017

Michael J. Curtis, Ashland, KY, for Plaintiff.

Chris J. Gadansky, Robert T. Watson, McBrayer, McGinnis, Leslie & Kirkland, PLLC, Louisville, KY, Jonathan C. Shaw, Porter Banks Baldwin & Shaw, Paintsville, KY, for Defendants.

## MEMORANDUM OPINION AND ORDER

Henry R. Wilhoit, Jr. United States District Judge

This matter is before the Court upon Defendants' Motion to Exclude Testimony of Plaintiff's Expert, Dr. George Kirkham [Docket No. 23]. The motion has been fully briefed by the parties [Docket Nos. 28 and 29]. For the reasons set forth herein, the Court finds that the expected testimony of Plaintiff's expert does not satisfy the requirements of Federal of Evidence 702 and will, therefore, not be permitted.

### I.

This case arises from the death of Plaintiff's father, Billy Collins, Jr., while he was in the custody of the Louisa City Police Department. According to the Complaint, Mr. Collins was tasered and beaten by the Defendant police officers. [Complaint, ¶¶ 15 and 16]. Plaintiff alleges that the incident resulted in his father's death. Plaintiff, on behalf of the Estate Jr. Billy Joseph Collins, filed this action in Lawrence Circuit Court on against Defendants Stephen Wilburn, individually and in his official capacity; Jordan Miller, individually and in his official capacity; Greg Fugitt, individually and in his official capacity; the Louisa City Police Department; City of Louisa, Kentucky, Garrett Roberts, individually and in his official capacity; Officer Keefer, individually and in his official capacity; Officer Wilhite, individually and in his official capacity; Lawrence County

Sheriff's Office; and Lawrence County, Kentucky.[1] Defendants removed this matter to United States District court due to stated claims under the Civil Rights Act of 1871, and 42 U.S.C. § 1983. Plaintiff also asserted state law claims.

During discovery, Plaintiff filed a report by George Kirkham, D. Crim, a Professor Emeritus at Florida State University [Docket No. 19]. Defendant seeks to exclude the report, as well as any testimony from Dr. Kirkham during the trial of this matter.

## II.

FRE 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid.702.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the Supreme Court famously held that Rule 702 requires district courts to ensure that an expert's scientific testimony "both rests on a reliable foundation and is relevant to the task at hand." Rule 702 imposes a "gatekeeping" duty on this Court to exclude from trial expert testimony that is unreliable and irrelevant. *Kumho Tire Co. Ltd. v. v. Carmichael*, 526 U.S. 137, 147, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999); *Daubert*, 509 U.S. at 589, 113 S.Ct. 2786. *See also,*

*Conwood Co., L.P. v. U.S. Tobacco Co.*, 290 F.3d 768, 792 (6th Cir.2002) and *Hardyman v. Norfolk W. Ry. Co.*, 243 F.3d 255, 260 (6th Cir.2001); Subsequently, the Supreme Court extended *Daubert* to include any expert testimony based on "technical" and "other specialized knowledge." *Kumho Tire*, 526 U.S. at 152, 119 S.Ct. 1167

■ Pursuant to Rule 702, *Daubert* and its progeny, when determining the admissibility of expert testimony, the Court considers: (1) whether the testimony is based upon sufficient facts and data; (2) whether the testimony is the product of reliable principles and methods, i.e. whether the reasoning and methodology underlying the expert's opinion is scientifically valid; and (3) whether the witness has applied the principles and methods reliably to the facts of the case. *See generally, United States v. Smithers*, 212 F.3d 306, 315 (6th Cir. 2000).

■ At the core of the inquiry is whether the expert's testimony will assist the trier of fact in understanding the evidence or determining a material fact in issue. *Daubert*, 509 U.S. at 592–93, 113 S.Ct. 2786. If the Court decides that the expert testimony is both reliable and relevant, then the Court must also determine if the probative value of the expert testimony is outweighed by its prejudicial effect. *Id.* at 595, 113 S.Ct. 2786. *See also, United States v. Beverly*, 369 F.3d 516, 528 (6th Cir.2004).

■ The party proffering the expert testimony bears the burden of showing its admissibility under Rule 702 by a preponderance of the proof. *Daubert*, 509 U.S. at 592 n. 10, 113 S.Ct. 2786.

1. Upon Defendants' motion, the undersigned dismissed claims of the Plaintiff against the official capacity Defendants, Lawrence County, and Lawrence County Sheriff's Office [Docket No. 22].

## III.

In his report, Dr. Kirkham concludes:

[I]t is my considered professional opinion that the egregious violations of established standards of law enforcement discussed in this report with respect to dealing with emotionally disturbed individuals and the use of physical force by officers were a significant and proximate cause of preventable harm suffered by the plaintiff's decedent.

[Docket No. 19–1, pg. 5]

Although he has not been deposed, presumably Dr. Kirkham will testify that the failure to comply with established procedures, led to the use of force and that the force was unreasonable and excessive.

Defendants state in their motion that the incident which forms the basis of the lawsuit was captured on video. Although the video is not part of the record and the undersigned has not had the opportunity to view the same, Plaintiff's counsel does dispute the existence of the video or make any argument with regard to the video. Therefore, the Court will assume that video does indeed exist and is an accurate recording of the incident.

The existence of video footage impacts the relevancy of Dr. Kirkham's opinion. A jury can view the video just as well as Dr. Kirkham. In other words, an expert, regardless of his credentials, is no more able than a jury to view and interpret the video. In fact, Dr. Kirkham's two-cents, if you will, may only confuse the jury or, at worst, mislead them with his characterizations of what is on the film. Indeed, a expert's evaluation, in this instance, may supplant the jury's exercise of common sense.

Although the Sixth Circuit has not ruled explicitly in this regard, other courts have held that when cases involve review of videotaped events, an expert's opinion should not be permitted when the expert is no better suited than the jury to interpret the video's contents. *Dunlap v. Hood*, 2009 WL 362292 at * 1 (N.D. Tex. 2009) *citing Scott v. Sears, Roebuck & Co.*, 789 F.2d 1052, 1055 (4th Cir. 1986) (holding that expert testimony should not be admitted "as to a matter that is obviously within the common knowledge of jurors because such testimony, almost by definition, can be of no assistance.").

"Rule 702's 'helpfulness' standard requires a valid [ ] connection to the pertinent inquiry as a precondition to admissibility." *Kumho Tire Co.*, 526 U.S. at 149, 119 S.Ct. 1167. Likewise, credibility determinations fall within the province of the jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In this case, there is little need for Plaintiff's expert to tell the jury whether the officers' actions were objectively reasonable under the circumstances because a video captures the incident. Dr. Kirkham's testimony will not be of any assistance to the jury in determining whether or not excessive force was used. As such, it does not satisfy the requirements of FRE 702.

Moreover, as the crux of Dr. Kirkham's opinion is that the officers' use of force was excessive, it is impermissible. The Sixth Circuit, as well as District Courts within the circuit, have routinely held that an expert may not render an opinion or conclusion as to whether a law enforcement officer's conduct amounts to excessive force. *See DeMerrell v. City of Cheboygan*, 206 Fed.Appx. 418 (6th Cir. 2006); *United States v. Eberle*, 2008 WL 4858438 (E.D. Mich. 2008); and *Norman v. City of Lorain, Ohio*, 2006 WL 5249725 (N.D. Ohio 2006).

Although Plaintiff goes into great detail about Dr. Kirkham's experience and contends that his testimony is not an opinion on the ultimate issue of excessive force, he

does not carry his burden in proving that Dr. Kirkham's testimony is relevant and reliable. Dr. Kirkham's success in other district courts as far flung as Texas has little bearing on the case at hand, a case in which the subject incident was captured on a video which a jury can view and from which a jury is perfectly able to draw its own conclusions.

## IV.

Accordingly, **IT IS HEREBY OR-DERED** that Defendants' Motion to Exclude Testimony of Plaintiff's Expert, Dr. George Kirkham [Docket No. 23] be **SUSTAINED.**